**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re:<br><br>POTTSVILLE OPERATIONS, LLC, *et al.*,[1]<br><br>Debtors. | Case No.: 24-70418-JAD<br><br>Chapter 11<br><br>(Jointly Administered) |
| Pottsville Liquidating Trust, on behalf of the Debtors,<br><br>Plaintiff,<br><br>-vs-<br><br>Arcadia Financial and Personnel Services LLC (d/b/a Arcadia Talent Partners),<br><br>Defendant. | Adv. Pro. No: 26-_____-JAD |

# COMPLAINT

The Pottsville Liquidating Trust (the "Trust") of Pottsville Operations, LLC, Pottsville Propco, LLC, Hampton House Operations, LLC, Hampton House Propco, LLC, Kingston Operations, LLC, Kingston Propco, LLC, Williamsport North Operations, LLC, Williamsport Propco, LLC, Williamsport South Operations, LLC, Yeadon Operations, LLC, and Yeadon Propco, LLC (collectively, the "Debtors") hereby files this complaint (the "Complaint") on behalf of the estates of the Debtors against Arcadia Financial and Personnel Services LLC, which also does business as Arcadia Talents Partners (the "Defendant"), to avoid and recover certain transfers

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: Pottsville Operations, LLC (9467); Pottsville Propco, LLC (8685); Hampton House Operations, LLC (8969); Hampton House Propco, LLC (7258); Kingston Operations, LLC (1787); Kingston Propco, LLC (8562); Williamsport North Operations, LLC (9927); Williamsport Propco, LLC (2039); Williamsport South Operations, LLC (0298); Yeadon Operations, LLC (9296); and Yeadon Propco, LLC (5785) (collectively the "Debtors", and the Debtors' chapter 11 cases are collectively referred to as the "Chapter 11 Cases"). The Debtors' mailing address is 425 West New England Avenue, Suite 300, Winter Park, Florida 32789.

made by the Debtors to the Defendant in the 90 days before the Debtors commenced the above-captioned bankruptcy cases, pursuant to sections 547, 550 and 551 of title 11 of the United States Code (the "Bankruptcy Code"). In support of this Complaint, the Trust alleges the following:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(a) and 1334(b). Pursuant to the applicable Standing Order of Reference of the U.S. District Court for the Western District of Pennsylvania (the "Court"), this proceeding has been referred to this Court.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

3. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The Trust consents to the entry of judgment or final orders with respect to this adversary proceeding if it is determined that this Court would lack Article III jurisdiction to enter judgment or final orders absent consent of the parties.

## THE PARTIES

5. On August 27, 2026, pursuant to the Plan (as defined below), the Trust was established for the benefit of holders of general unsecured claims against the Debtors entitled to receive a distribution pursuant to the terms of the Plan. The Trust, as Plaintiff, brings this action derivatively on behalf of and for the benefit of the Debtors' estates.

6. Upon information and belief, the Defendant is a limited liability company incorporated under the laws of the State of Illinois with its principal place of business at 8170 W. McCormick Blvd., Skokie, IL, 60076.

## FACTUAL ALLEGATIONS

7. On October 15, 2024 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the Court.

8. The Debtors owned and operated several nursing home facilities in Pennsylvania and filed the Chapter 11 Cases to restructure their existing obligations and evaluate strategic alternatives to maximize value for the benefit of their bankruptcy estates and to ensure continuing care to the residents of their nursing home facilities.

9. On October 25, 2024, the United States Trustee (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee").

10. On January 15, 2025, the Bankruptcy Court authorized the sale of substantially all of the Debtors' assets (the "Sale") pursuant to the *Order (A) Approving Sale of Substantially All of the Pottsville Debtors' Assets, Other Than Accounts, Free and Clear of All Liens, Claims, Encumbrances, and Interests, (B) Authorizing Assumption and Assignment of Executory Contracts and Unexpired Leases, and (C) Granting Related Relief* [Docket No. 557].

11. On November 14, 2025, the Committee filed the *Second Amended Chapter 11 Plan of Liquidation* [Docket No. 1710] (the "Plan") along with the *Second Amended Disclosure Statement* [Docket No. 1711] (the "Disclosure Statement"). The Plan provides, among other things, that the Liquidating Trust "shall have standing on behalf of the Debtors and the Estates for the purposes of investigating, pursuing, prosecuting, settling, collecting, litigating, and/or recovering any Pottsville Liquidating Trust Assets that the Debtors or the Estates have or may pursue, subject to the provisions of this Plan." Plan, § 6.9.

12. On April 30, 2026, the Committee filed the *Motion of the Official Committee of Unsecured Creditors or Entry of an Order Granting Derivative Standing and Authority to Prosecute and Settle Claims on Behalf of the Debtors' Estate* [Docket No. 2135] (the "Committee Standing Motion") seeking authority to pursue causes of action on behalf of the Debtors' estates.

13. On May 21, 2026, the Court entered an order granting the Committee Standing Motion. *See* Docket No. 2171.

14. On August 11, 2026, the Court conducted a hearing on confirmation of the Plan and final approval of the Disclosure Statement On August 12, 2026, the Court entered the order confirming the Plan and approving the Disclosure Statement on a final basis [Docket No. 2374] (the "Confirmation Order"). The Confirmation Order provides that "[u]pon the Effective Date, all of the Pottsville Liquidating Trust Assets shall vest in the Liquidating Trust . . ." Confirmation Order, ¶ 35.

15. On August 27, 2026, the Plan became effective. *See* Docket No. 2408. Accordingly, the Trust was vested with standing to pursue causes of action on behalf of the Debtors on August 27, 2026.

16. As of and prior to the Petition Date, and at all other relevant times for purposes of this Complaint, the Debtors were and remain insolvent, including, but not limited to, because (i) the Debtors were unable to pay their debts when they became due; (ii) the Debtors' liabilities exceeded the value of their assets, as evidenced by the Schedules and Statements of Financial Affairs filed in the Chapter 11 Cases; and (iii) the consideration to be paid for the assets in the Sale is less than the Debtors' outstanding debts as of the Petition Date.

17. During the 90 days before the Petition Date (the "Preference Period"), the Debtors continued to operate their businesses, including the transfer of property, either by checks, cashier checks, wire transfers, ACH transfers, direct deposits, or through other similar means, to various individuals and entities with whom the Debtors conducted business.

18. Upon information and belief, prior to the Petition Date and during the Preference Period, the Debtors and the Defendant engaged in transactions in which the Defendant provided

medical and healthcare recruiting services and/or goods to one or more of the Debtors, and received payment from the Debtors while the Debtors were insolvent.

19. Specifically, the Trust—based on information from the Debtors' books and records—has determined that during the Preference Period one or more of the Debtors transferred monies to the Defendant totaling **$149,965.50** (each a "Preferential Transfer" and, collectively, the "Transfers"). The Transfers are set forth in specific detail on **Exhibit A** attached hereto.

20. During the course of this proceeding, the Trust may learn of additional Transfers made to the Defendant that are avoidable under the Bankruptcy Code or applicable state law, or may discover additional information regarding the Defendant's defenses.

21. The Trust reserves the right to amend this Complaint to include information including the following: (i) further information regarding the Transfers, including additional Transfers, made to the Defendant, (ii) modifications of the Defendant's legal name, (iii) additional defendants liable for the Transfers, and (iv) additional causes of action (*e.g.,* but not exclusively, sections 542, 544, 545, and 548 of the Bankruptcy Code, and/or related state-law causes of action), that may become known to the Trust at any time during this adversary proceeding, through formal discovery or otherwise, and for such amendments to relate back to this Complaint.

22. Notwithstanding any potential defenses to the Transfers that are known or knowable by the Trust based on its due diligence to date, pursuant to section 547(g) of the Bankruptcy Code the Defendant bears the burden of proving the nonavoidability of any Transfer. However, prior to filing this Complaint, the Trust conducted due diligence into the Defendant's potential defenses to the Transfers, which included reviewing the Debtors' available books and records.

**FIRST CLAIM FOR RELIEF**
**(Avoidance and Recovery of Preferential Transfers – 11 U.S.C. §§ 547, 550 and 551)**

23. The Trust repeats and realleges the allegations in each preceding paragraph of the Complaint as if fully set forth herein.

24. Each of the Transfers identified on **Exhibit A**, in the aggregate amount of $149,965.50, was made to the Defendant by one or more of the Debtors.

25. Each of the Transfers constituted a transfer of property of one or more of the Debtors to or for the benefit of the Defendant.

26. The Defendant was a creditor of one or more of the Debtors at the time of each Preferential Transfer.

27. Each of the Transfers was to or for the benefit of the Defendant, as a creditor of one or more of the Debtors.

28. Each of the Transfers was made for, or on account of, an antecedent debt or debts owed by one or more of the Debtors to the Defendant.

29. Each of the Transfers was made while the Debtors were insolvent. The Debtors are entitled to the presumption of insolvency for each Preferential Transfer made during the Preference Period pursuant to section 547(f) of the Bankruptcy Code.

30. Each Preferential Transfer enabled the Defendant to receive more than the Defendant would have received if: (i) the Chapter 11 Cases were brought as cases under chapter 7 of the Bankruptcy Code; (ii) the Preferential Transfer had not been made; and (iii) the Defendant received payment on account of the debt paid by each of the Transfers to the extent provided by the Bankruptcy Code.

31. Each of the Transfers is avoidable in its entirety pursuant to section 547(b) of the Bankruptcy Code.

32. The Defendant was either the initial transferee or the entity for whose benefit each of the Transfers were made.

33. Pursuant to section 550(a) of the Bankruptcy Code, the Trust is entitled to recover, for the benefit of the Debtors' estates, from the Defendant the amount of the Transfers, plus applicable interest to the date of payment and the costs of this action.

**PRAYER FOR RELIEF**

WHEREFORE, based on the foregoing allegations, the Trust requests that this Court grant the following relief:

A. Judgment in favor of the Trust and against the Defendant determining that the Transfers are avoidable in their entirety under applicable law;

B. Judgment in favor of the Trust and against the Defendant directing the Defendant to immediately pay to the Trust, for the benefit of the Debtors' estates, the full amount of the Transfers, plus applicable interest and costs to the maximum extent permitted by law; and

C. Such other and further relief as this Court may deem just and proper.

Dated: October 15, 2026

*/s/ Thomas D. Maxson*

Andrew C. Helman (admitted pro hac vice)
Dentons Bingham Greenebaum LLP
One City Center, Suite 11100
Portland, ME 04101
Phone: (207) 619-0919
Email: andrew.helman@dentons.com

Thomas D. Maxson (Pa. ID 63207)
Dentons Cohen & Grigsby, P.C.
625 Liberty Avenue, 5th Floor
Pittsburgh, PA 15222
Phone: (412) 297-4706
Email: thomas.maxson@dentons.com

Lauren M. Macksoud (admitted pro hac vice)
Dentons US LLP
1221 Avenue of the Americas
New York, NY 10020
Phone: (212) 768-5347
Email: lauren.macksoud@dentons.com

*Counsel for the Pottsville Liquidating Trust*